**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Jan CRAMER, Defendant–Appellant.**

No. 02–2945.

United States Court of Appeals, Seventh Circuit.

Argued Dec. 18, 2002.

Decided Dec. 20, 2002.

Before EASTERBROOK, MANION, and EVANS, Circuit Judges.

Order

Jan Cramer pleaded guilty to conspiracy to distribute cocaine. 21 U.S.C. §§ 846, 841(a)(1). The only issue properly presented on appeal is whether Cramer is accountable for more than 500 grams of cocaine. The district court's affirmative finding led to a sentence of 120 months' imprisonment. (Cramer's reply brief raises an additional issue, but contentions initially presented in a reply brief are forfeited, and we do not discuss this line of argument.)

When arresting Cramer, agents seized 225 grams of cocaine. The district court credited testimony by one of Cramer's confederates (Philipp Norsetter) and one of his frequent customers (Michelle Hughes) that they bought from Cramer, resold for Cramer, assisted Cramer in securing, or saw Cramer handle, amounts of cocaine that put him over the 500–gram threshold. Cramer contends that the testimony of drug offenders should not have been believed, but such an argument is wasted on an appellate court. See *Anderson v. Bessemer City*, 470 U.S. 564, 575–76, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985). Nor does it matter whether the best understanding of Norsetter's testimony is that he saw Cramer handle two-ounce quantities on six occasions (as the district judge found) or only four (as Cramer contends). The evidence reveals that Cramer was in the drug trade; Norsetter was not his only redistributor or Hughes his only customer. That 225 grams were seized at the time of Cramer's arrest implies that his business was substantial. Drug dealers rarely hold

even a month's inventory, so the size of the seizure in conjunction with the duration of the conspiracy supports an inference that Cramer is responsible for more than 500 grams. See U.S.S.G. § 1B1.3. The district judge's calculation was conservative, and Cramer has no legitimate complaint.

AFFIRMED